**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:11-CR-159-CRS-4

LEONARD BERRY McKINLEY                                             DEFENDANT

**MEMORANDUM AND ORDER**

Defendant Leonard Berry McKinley was sentenced to 135 months in prison for possession with intent to distribute methamphetamine.[1]  Defendant has sent a letter to the chambers of the late Honorable Senior John G. Heyburn II[2] requesting that counsel be appointed for him "to file for ineffective assistance of counselor."  The letter enumerates several of Defendant's complaints about his trial counsel before and after judgment was entered in Defendant's criminal case.

Considering this letter to be a request to appoint counsel to bring a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, that request must be denied.  A defendant is not automatically entitled to appointed counsel to bring a § 2255 motion. Under Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 8(c) of the Rules Governing § 2255 Proceedings.  Further, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under

---

[1] His sentence has since been reduced to 108 months under 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that has been subsequently lowered and made retroactive by the U.S. Sentencing Commission pursuant to 28 U.S.C. § 994(u).

[2] At the time Defendant sent his letter, Judge Heyburn was assigned to this case.  This case has since been reassigned to the undersigned.

18 U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2255 Proceedings. Otherwise, the Court may appoint counsel for a § 2255 movant who is financially unable to afford counsel if the Court determines that the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of counsel is required . . . , the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Here, Defendant's request for appointment of counsel does not make the required showing. Upon Defendant's filing of a § 2255 motion, the Court must conduct a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and, if appropriate, direct the United States to respond. Until preliminary review has been conducted and the United States has filed a response, the Court does not have sufficient information to determine the extent of necessary discovery, if any, or whether an evidentiary hearing will be warranted. Thus, his request for appointment of counsel (DN 235) is premature and is, therefore, **DENIED**.

Although Defendant's letter sets forth several complaints about trial counsel, the Court will not additionally construe the letter as a § 2255 motion without providing the appropriate warning as set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003). If Defendant wishes to have his letter construed as a § 2255 motion, then Defendant is **WARNED** that such recharacterization of his document as a § 2255 motion means that any subsequent § 2255 motion will be subjected to the restrictions on subsequent or successive § 2255 motions. *See id.*[1] This

---

[1] Those restrictions are that a claim presented in a second or successive § 2255 motion that was not presented in the prior motion shall be dismissed unless Defendant shows that (1) the claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or that (2) the factual predicate for the claim could not have been discovered previously through due diligence and that the facts underlying the claim, if proven and considered in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found Defendant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2); § 2255.

Court will thus provide Defendant with an opportunity to withdraw the document or to amend it so that it contains all of the claims that he believes that he has.

Before making this decision, Defendant should consider that if the Court construes his letter as a motion brought pursuant to § 2255, it will be his first § 2255 motion, which will mean that before he can thereafter file a second or successive § 2255 motion, Defendant must receive certification from the United States Court of Appeals for the Sixth Circuit. Moreover, in determining whether he agrees or disagrees with this recharacterization, Defendant should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant may respond on or before 30 days from entry of this Order. If Defendant timely responds to this Order and does not agree to have his letter recharacterized as one under § 2255, he may withdraw it. If it is not withdrawn, and the Defendant does not agree to have the letter recharacterized as one under § 2255, nothing further will be done with his letter. If the Defendant agrees to have the letter recharacterized as one pursuant to § 2255, the Court will recharacterize it as a motion pursuant to § 2255 and shall consider it filed as of the date the original letter was received.

**WHEREFORE, IT IS ORDERED** as follows:

(1) **No later than thirty (30) days** from entry of this order, Defendant must notify the Court whether he wants to withdraw the document.

(2) If Defendant would like the Court to proceed with a review of the document as a § 2255 motion, then he must fill out the enclosed form for seeking relief pursuant to 28 U.S.C. § 2255, including all challenges that he wishes to make regarding his federal sentence, and return it to the Court **within 30 days** from the entry date of this Order.

The Clerk of Court is **DIRECTED** to send a § 2255 packet to Defendant.

Date: July 23, 2015

                                            Charles R. Simpson III, Senior Judge
                                            United States District Court

cc:    Defendant McKinley, *pro se*
        U.S. Attorney

4411.009